## MATTER OF IRANI

### In Visa Petition Proceedings

### A-21769965

*Decided by Board February 4, 1976*

(1) Prior to the Hindu Adoptions and Maintenance Act of India which became effective December 21, 1956, the rule of Hindu law was that adoption by a woman of a son *to herself* was invalid and conferred no legal right upon the person adopted, and that a woman could adopt a child *to her husband* if she obtained his express consent during his lifetime. The woman's power to adopt could not be greater than the husband had in his own lifetime. The adoption of a son by a male Hindu was invalid if he had a son, grandson or great-grandson, natural or adopted, living at the time of the adoption.

(2) Petitioner has failed to sustain her burden of proving that the beneficiary qualifies for preference classification under section 203(a)(2) of the Immigration and Nationality Act, as amended, as her adopted son, since she has not submitted evidence to establish that she complied with the applicable provisions of Hindu law in effect at the time of the alleged adoption of beneficiary in Bombay, India, on December 1, 1954. Further, it appears that, even if petitioner could establish that she had the express consent of her husband to adopt beneficiary, the adoption would be invalid under Hindu law because she had a son living at the time of the adoption.

ON BEHALF OF PETITIONER: Brian J. Tucker, Esquire
1501 Broadway
New York, New York 10036

The lawful permanent resident petitioner applied for preference classification for the beneficiary as her unmarried adopted son under section 203(a)(2) of the Immigration and Nationality Act. In a decision dated May 7, 1975, the district director denied that petition. The petitioner has appealed. The appeal will be dismissed.

The beneficiary is a 24-year-old male alien, native and citizen of India, who is presently residing in the United States as a nonimmigrant student. The petitioner is the sister of the beneficiary's father.

The record contains two documents dated February 27, 1974, and December 7, 1974, which purport to be declarations by Homai Irani, the natural mother of the beneficiary. The beneficiary's natural mother alleges in her "Declarations" that the beneficiary was born on December 30, 1951; that the petitioner adopted the beneficiary in Bombay, India, on December 1, 1954; and that the petitioner provided for the welfare

and education of the beneficiary since that date of his adoption. The record indicates that the petitioner was married at the time of the alleged adoption, is presently married, and has one living male child of her own, who was born on September 3, 1944.

In the last paragraph of the brief in support of the petitioner's appeal, counsel contends that the district director "refused to consider the primary evidence of the adoption decree". We note that the record does not contain a document purporting to be an adoption decree.

In visa petition proceedings, the burden of establishing the claimed relationship is upon the petitioner. *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966). In order for the petitioner to establish that the beneficiary is her adopted son, she must show that the beneficiary had qualified as an adopted "child" as that term is defined in section 101-(b)(1)(E) of the Act. *Matter of Ng*, 14 I. & N. Dec. 135 (BIA 1972). Section 101(b)(1)(E) includes:

> a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with the adopting parent or parents for at least two years . . .

Inasmuch as the adoption allegedly was accomplished in India, we must look to the provisions of the Hindu law which were in effect at the time of the alleged adoption. Inquiry was directed to the Library of Congress to ascertain whether the beneficiary had any status under Hindu law as an adopted child. A memorandum of law prepared by the Library of Congress [1] dated January, 1976 is attached hereto and made a part hereof. According to the information furnished by the Library of Congress, the Hindu Adoptions and Maintenance Act became effective on December 21, 1956. Prior to the adoption of that Act, the rule of Hindu law was that adoption by a woman of a son *to herself* was invalid and conferred no legal right upon the person adopted; and that a woman could adopt a child *to her husband* if she obtained his express consent during his lifetime. The report of the Library of Congress also indicates that prior to the enactment of the Hindu Adoptions and Maintenance Act of 1956, the adoption of a son by a male Hindu was invalid if he had a son, grandson or great-grandson, natural or adopted, living at the time of the adoption.

The petitioner has not submitted evidence to establish that she complied with the provisions of the Hindu law which were in effect at the time of the alleged adoption. Apart from the uncorroborated "declaration" of the beneficiary's natural mother, Homai Irani, no other evidence has been submitted by the petitioner to support the claimed relationship. Further, we note that in the petitioner's application for status as

---

[1] Prepared by Krishan S. Nehra, Senior Legal Specialist, American-British Law Division, Law Library, Library of Congress.

permanent resident filed October 19, 1972, she listed a male child, Ardesher Irani, born on September 3, 1944 as one of her own children. In light of this fact, it appears that even if the petitioner could establish that she had the express consent of her husband during his lifetime to adopt the beneficiary, the adoption would be invalid under Hindu law because she had a son living at the time of the adoption.

Therefore, we conclude that on the basis of this record, the petitioner has failed to sustain her burden of proving that the beneficiary qualifies as her adopted son under section 203(a)(2) of the Act. The following order will be entered.

ORDER: The appeal is dismissed.

### APPENDIX

#### India

Before the commencement of the Hindu Adoptions and Maintenance Act, 1956, No. 78, on December 21, 1956, the general rule of Hindu law relating to adoption was that every male Hindu of the age of discretion could take a son in adoption provided he was of sound mind and had no son, grandson or great-grandson, natural or adopted, living at the time of adoption.[1]

A woman could only adopt "to her husband." [2] A wife could not adopt in her husband's lifetime without his express consent.[3] After his death, she could adopt a son if the husband had so authorized her. However, the woman's power to adopt could not be greater than the husband had in his own lifetime.[4] Thus, the existence of a son, natural or adopted, was a bar to an adoption by a woman also.

In the present case, the adoption made in 1954 of a son by a woman, who had a son living since 1944, would appear to be invalid, and the following statements are, therefore, correct:

(1) Adoption by a woman of a son *to herself* was invalid and conferred no legal right upon the person adopted; and

(2) A woman could adopt a child *to her husband* if she obtained his express consent during his life time.

Prepared by
Krishan S. Nehra
Senior Legal Specialist
American-British Law Division
Law Library, Library of Congress
January 1976

---

[1] W. Stokes, *Hindu Law Books* 531–534 (1865).

[2] Puttulal v. Parbati Kunwar, 37 Indian L.R. Allahabad Ser. 359 (P.C. 1915); Narendra Nath Bairagi v. Dina Nath Das, 37 Indian L.R. Calcutta Ser. 824 (1909).

[3] Narayan Babaji v. Nana Manohar, 7 Bombay H. Ct. R. 153 (1870).

[4] M. Srinivasan, I *Principles of Hindu Law* 187 (4th ed. 1969).