## MATTER OF LEE

### In Visa Petition Proceedings

#### A-21086636

*Decided by Board May 22, 1978*

(1) Validity of adoption for immigration purposes requires inquiry into law of jurisdiction where adoption occurs.

(2) Validity of adoption in Taiwan in 1960 determined by the Civil Code of the Republic of China.

(3) While there is no provision in the Civil Code pertaining to categories of adoptable relatives, a general principle of Chinese customary law in the case of a legal adoption (the institution of an heir) was that the adopting party be of the generation immediately above the adoptee; and in the absence of a showing to the contrary this rule is deemed applicable to adoptions for the sake of charity as well.

(4) Visa petition properly denied where the petitioner failed to establish that his alleged adoption of his granddaughter was valid under the law of Taiwan in 1960.

ON BEHALF OF PETITIONER: Pro se

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The petitioner has appealed from a decision of the District Director, dated February 10, 1977, denying a visa petition filed on behalf of his alleged adopted daughter under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). The appeal will be dismissed.

The District Director denied the petition for the reason that since the petitioner is the grandfather of the beneficiary (for whom he has assumed guardianship and maintenance functions), there is no immigration status to which the beneficiary is entitled based upon that relationship.

The petitioner maintains on appeal that he adopted the beneficiary as his own child when she was two years old because her mother had remarried and her father had died. He has submitted affidavits from two persons who were present at his home on May 5, 1960, when he announced that he had adopted the beneficiary. He has also submitted a document from a notary public in Taiwan certifying that the beneficiary's mother and grandfather mutually agreed that the grandfather would take over the functions of guardianship and maintenance for the beneficiary.

The petitioner claims that since he has functioned as parent to the beneficiary for 17 years, she is entitled to immigration benefits as his adopted child. In determining whether an adoption will be recognized for immigration purposes, our first inquiry is whether the adoption is valid under the law of the jurisdiction where it occurred. *Matter of Kwok*, 14 I. & N. Dec. 127 (BIA 1972); *Matter of Lau*, 10 I. & N. Dec. 597 (BIA 1964). In this case, the Civil Code of the Republic of China provides the applicable law in effect in Taiwan in 1960.

The Board has previously held that an adoption of a grandchild by a grandparent which allegedly took place in China in 1927 conferred no immigration benefits because such an adoption was contrary to Chinese law. See *Matter of Wong-Setoo*, 12 I.& N. Dec. 484 (BIA 1967). Our holding was based upon a memorandum from the Far Eastern Law Division of the Library of Congress, dated July 26, 1967, which advised the Board that, although there was no statutory provision in the Civil Code of the Republic of China pertaining to categories of adoptable persons, there was judicial authority to the effect that adoptions between certain persons related by blood would not be permitted under the Civil Code.

*Matter of Wong-Setoo, supra,* would appear to resolve the issue presented here. However, an examination of that case and the accompanying memorandum indicated that the judicial interpretation cited therein specifically precludes adoptions between certain collateral relatives rather than lineal relatives as is the case with the grandparent-grandchild relationship.

In an attempt to resolve this question, we requested the assistance of the Library of Congress. In a memorandum dated June 3, 1977, the head of the Far Eastern Law Division stated that there appears to be a general principle of Chinese customary law that the rank (generational order) of the parties to an adoption should be the same as that which exists between a parent and a child. The author states that Chinese tradition recognized two types of adoption: legal adoption (the institution of a male heir) and adoption for the sake of charity. In the case of legal adoption, the adopting party had to be of the generation *immediately above* the person to be adopted. Thus, a grandparent would not be able to effect a legal adoption of a grandson. Whether this rule also applied in the case of adoptions for the sake of charity is unclear, according to the memorandum. The author goes on to say, at page 23:

> [W]e are of the opinion that the question of whether a grandfather could have adopted his granddaughter under the law of the Republic of China can best be resolved by a decision of a Chinese court. Although our sources tend to suggest that such an adoption would not have been allowed because it would have disturbed the order of the generations, there is no source which clearly and indisputably permits such a conclusion. The further question of whether such an attempted adoption would be void or merely voidable could be answered only in the light of a knowledge of the basis the Chinese

court used for its decision in answering the question of whether the law permitted such an adoption.

We have held that an adoption must conform to the applicable law of the jurisdiction where it allegedly occurred as well as to the statutory requirements of section 101(b)(1)(E) of the Act, 8 U.S.C. 1101 (b)(1)(E). See *Matter of Dhillon,* Interim Decision 2620 (BIA 1977); *Matter of Annang,* 14 I. & N. Dec. 502 (BIA 1973).

In view of the foregoing, we agree with the District Director that the petitioner has not established that the beneficiary qualifies as his "adopted" child since he has failed to show that such an adoption would be valid under the Civil Code of the Republic of China as it existed in 1960. The existence of a bona fide family unit between the petitioner and the beneficiary does not entitle the beneficiary to second-preference status if she does not meet one of the statutory definitions of "child" set out in section 101(b)(1) of the Act, 8 U.S.C. 1101(b)(1). See *Matter of Lee,* 11 I. & N. Dec. 911 (BIA 1966). That the parties are related by blood as grandparent and grandchild does not confer any status recognized by our immigration laws. We are not aware of any authority for the proposition that the assumption of guardianship and maintenance functions towards a minor child is the equivalent of an adoption or comparable legal procedure which creates a parent-child relationship within the meaning of section 101(b)(1). Compare *Matter of Lee,* Interim Decision 2606 (BIA 1977).

Although we are dismissing the appeal, it is without prejudice to the filing of a new petition in the event that the petitioner acquires evidence that the alleged adoption would be valid under the law in force in Taiwan in 1960.

**ORDER:** The appeal is dismissed.