ᴉᴉᴉᴜᴄᴉ ᴉᴉᴉ ᴅᴇᴄᴉᴙᴉᴜᴉᴉ #ᴌᴜᴜᴜ

## MATTER OF GARCIA-RODRIGUEZ

### In Visa Petition Proceedings

### A-22365073

*Decided by Board January 13, 1978*

(1) In order to support application for "immediate relative status" under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b), for the beneficiary as her adopted daughter, petitioner must establish that the adoption was accomplished in compliance with controlling foreign law (Civil Code of Tamaulipas, Mexico).

(2) Under article 400 of the Civil Code of Tamaulipas, Mexico, only persons "who have no descendants" are permitted to adopt.

(3) A purported adoption of the beneficiary by the petitioner and her spouse in Tamaulipas, Mexico, while they had living natural children, was not accomplished in compliance with controlling law and cannot be recognized for the purpose of bestowing an immigration benefit.

(4) Contention that article 400 of the Civil Code of Tamaulipas, Mexico, applies only to single persons and that article 401 allows a man and wife to adopt, even if they have descendants, so long as both consent, is rejected because article 400 is not restricted on its face to single persons, the adoption order in question cites article 400 and not article 401 among its "legal bases", and because article 401 would appear to be an additional (rather than an alternative) requirement imposed upon married couples who wish to adopt.

ON BEHALF OF PETITIONER: Pro se

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

The United States citizen petitioner applied for immediate relative status for the beneficiary as her adopted daughter under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). In a decision dated October 5, 1976, the District Director denied the petition. The petitioner has appealed.[1] The appeal will be dismissed.

The beneficiary, a 15-year-old native and citizen of Mexico, was "adopted" by the petitioner and her husband in H. Matamoros, State of Tamaulipas, Mexico, on August 5, 1974. The couple had natural children of their own living at the time of this "adoption." A visa petition was submitted on behalf of the beneficiary on August 16, 1976.

---

[1] The appeal was properly filed on October 18, 1976, but was not received by this Board until November 15, 1977. The Service explains that the delay resulted because a position in the relevant field office became vacant the month the appeal was filed and was not staffed until some ten months later.

Certain adopted children of United States citizen parents can qualify for "immediate relative status" under section 201(b) of the Act. See section 101(b)(E), 8 U.S.C. 1101(b)(1)(E). The District Director, however, denied this petition based on his finding that the petitioner failed to establish that the beneficiary had been lawfully adopted. Noting that article 400 of the Civil Code of Tamaulipas authorizes only persons "who do not have natural descendants" to adopt minor children, he concluded that the beneficiary's adoption was not in compliance with controlling law as the petitioner and her spouse had other natural children living in August 1974.

On appeal, the petitioner submits that the District Director erred by looking only to article 400 of the Civil Code of Tamaulipas. She states that article 400 governs only adoptions by single persons and that article 401 authorizes a "married couple [to] adopt if both agree to consider the adopted one as their son." The petitioner maintains that the adoption of the beneficiary was in compliance with the requirements of the Civil Code of Tamaulipas and that her daughter should, therefore, be recognized as her "immediate relative."

The burden of establishing both controlling foreign law (*Matter of Annang*, 14 I. & N. Dec. 502 (BIA 1973)) and eligibility for the benefit sought (*Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966)) rests with the petitioner. We conclude that the petitioner has failed to sustain either burden.

Article 400 of the Civil Code of Tamaulipas provides:

> Persons over 30 years of age, in the full exercise of their rights and who have no descendants, may adopt a minor or an incompetent, even if he is of legal age, provided the adopter is 17 years older than the person adopted, and that the adoption is beneficial to the latter.

Article 401 of the Code states:

> The man and wife can adopt when both are in accord in considering the adopted child as their own son or daughter.

It seems evident that the former article is a general provision governing all adoptions, while the latter article sets forth an additional requirement to be imposed upon married couples. Thus, it would appear that the petitioner and her spouse were subject to the restrictions in article 400 at the time they attempted to adopt the beneficiary.

The petitioner would have us conclude that article 400 applies only to single persons. On its face, however, no such limitation appears. Moreover, to accept such an interpretation would be to conclude that the age differential and "welfare of the child" provisions of article 400 do not apply to adoptions by married couples. We decline to so conclude, and find that the petitioner has failed to establish that her reading of articles 400 and 401 of the Civil Code of Tamaulipas is correct.

This conclusion is supported by the fact that an extract from the adoption order submitted by the petitioner cites article 400 among the "legal bases" for the adoption. No reference is made in the order to article 401 of the Code. It would, therefore, certainly appear that the provisions of article 400 did apply to the "adoption" of the beneficiary.

In light of the above, we find that the petitioner has failed to establish that the beneficiary qualifies as her "child" within the meaning of section 101(b)(1)(E) of the Act. Thus, the beneficiary has not been shown to be eligible for "immediate relative" status under section 201(b) of the Act. See *Matter of Allmon*, Interim Decision 2339 (BIA 1975).

Accordingly, the appeal will be dismissed. We note, however, that nonpreference immigrant visas are presently available for qualified applicants from Mexico.[2]

ORDER: The appeal is dismissed.

---

[2] See United States Department of State Visa Bulletin Number 12, Volume III, November 11, 1977.