MATTER OF PATEL

In Visa Petition Proceedings

A-23557515

*Decided by Board June 18, 1980*

(1) Notwithstanding the requirement of the Hindu Adoptions and Maintenance Act of 1956 that a Hindu male can only adopt with the consent of his wife and that a child's natural father must also have the consent of the mother, an adoption may be valid without the written consent of the wife and the natural mother, since paragraph 16 of the Act provides that an adoption will be presumed to be in compliance with the Act if the adoption document is signed by both the person giving and the person taking the child in adoption and is duly registered and recorded.

(2) Where a Deed of Adoption and a Declaration contained the signatures of the adoptive father, the petitioner in this case, and of the beneficiary's natural father, the requirements for adoption under the Hindu Adoptions and Maintenance Act will be deemed to have been met.

(3) Since the requirements of section 101(b)(1)(E) that an adopted child must live with his adoptive parents for 2 years may be fulfilled by residence with only one parent prior to the adoption, the record was remanded for the submission of proof in support of petitioner's allegation on appeal that the beneficiary lived with the petitioner's wife in India from 1971 until 1974 while he was residing in Canada.

ON BEHALF OF PETITIONER: Pro se

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The lawful permanent resident alien petitioner applied for preference status for the beneficiary as his adopted son under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). In a decision dated December 21, 1979, the District Director denied the petition. The petitioner has appealed from that decision. The record will be remanded.

The petitioner is a 35-year-old native and citizen of India. The beneficiary is a 9-year-old native and citizen of India. The record reflects that the petitioner adopted the beneficiary in India on December 22, 1976.

The District Director denied the visa petition on the ground that the beneficiary had not lived with the petitioner for two years since the

adoption, so the residency requirement of the statute had not been met. He further concluded that the adoption was invalid under the Hindu Adoption and Maintenance Act of 1956, because the Deed of Adoption did not indicate that the petitioner's wife and the beneficiary's natural mother gave their consent to the adoption as required by the law.

In regard to the District Director's determination that the adoption is invalid under the law in effect in India, we have examined the statute and disagree with his conclusion. As the District Director noted, the Hindu Adoptions and Maintenance Act of 1956 provides that a Hindu male whose wife is living can only adopt with the consent of his wife unless she has renounced the world, has ceased to be a Hindu, or has been judicially declared to be of unsound mind. *See* Appendix A. It further states that only the child's natural father can give the child in adoption, but he, too, must have the consent of its mother, with the same above-mentioned exceptions. *See* Appendix A.

The District Director examined the documents submitted by the petitioner, including the Deed of Adoption and the Declaration, by which the beneficiary's natural father gave him in adoption to the petitioner, and could find no mention of consent to the adoption by either the petitioner's wife or the beneficiary's natural mother. We agree that no such consent appears to have been recorded in the adoption documents. However, upon further scrutiny of the applicable law, we conclude that written consent of the wife and the natural mother is not required.

The paragraph of the Hindu Adoptions and Maintenance Act critical to our determination provides as follows:

16. Whenever any document registered under any law for the time being in force is produced before any court purporting to record an adoption made and is signed by the person giving and the person taking the child in adoption, the court shall presume that the adoption has been made in compliance with the provisions of this Act unless and until it is disproved

From this language, it appears that the law only requires the signatures of the persons giving and taking the child in adoption. The adoption will then be presumed to be in compliance with the other provisions of the Act, including the consent requirement, until it is shown to be invalid. Since, in the case of married couples, only the husband can give or take a child in adoption, with the same exceptions set forth regarding the wife's consent, the required signatures would be those of the husbands. Therefore, the appropriate signatures needed in the instant case were those of the petitioner and the beneficiary's natural father. *See* Appendix A. We believe that the petitioner's adoption of the beneficiary was thus performed in compliance with the Hindu Adoptions and Maintenance Act and is valid under the law of

India. We shall, therefore, recognize it as valid for purposes of our immigration laws.

On appeal, the petitioner states that the beneficiary lived with the petitioner's wife in India from 1971 until April 1974, when she joined the petitioner in Canada. The petitioner also indicates that he was supporting the beneficiary at that time and would have brought the child with him to Canada, except that his United States citizen sister had applied for preference status for his entire family and he planned to wait until the beneficiary could join him in the United States.

Section 101(b)(1)(E) of the Act, 8 U.S.C. 1101(b)(1)(E), includes within the definition of the term "child":

> a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years ...

This Board has held that the two years of residence of the child with his adoptive parents need not be subsequent to the adoption, although the legal custody requirement can only be met after the adoption. *See Matter of Cho,* 16 I&N Dec. 188 (BIA 1977); *Matter of M—,* 8 I&N Dec. 118 (BIA 1958; A.G. 1959). It has also been determined that the residence requirement is satisfied if the child lived with only one of the adopting parents for the two-year period. *See Matter of Y—K—W—,* 9 I&N Dec. 176 (A.G. 1961).

Inasmuch as the petitioner has indicated that his wife lived with the beneficiary for several years prior to the adoption, we believe that the record should be remanded to the District Director to give the petitioner an opportunity to submit evidence in support of his claim.

Accordingly, the record will be remanded to the District Director for further proceedings consistent with the foregoing opinion and for the entry of a new decision. In the event of a decision adverse to the petitioner, the District Director should certify the record to the Board for review.

ORDER: The record is remanded to the District Director for further proceedings consistent with the foregoing opinion and the entry of a new decision.

FURTHER ORDER: In the event of a decision adverse to the petitioner, the record shall be certified to the Board for review.

## APPENDIX A

Extracted provisions of the Hindu Adoptions and Maintenance Act of 1956.

1. (1) This Act may be called the Hindu Adoptions and Mainte-

nance Act, 1956.

(2) It extends to the whole of India except the State of Jammu and Kashmir.

2. (1) This Act applies—

    (a) to any person, who is a Hindu by religion in any of its forms or developments, including a Virashaiva, a Lingayat or a follower of the Brahmo, Prarthana or Arya Samaj;

    (b) to any person who is a Buddhist, Jaina, or Sikh by religion;

    (c) to any other person who is not a Muslim, Christian, Parsi or Jew by religion, unless it is proved that any such person would not have been governed by the Hindu law or by any custom or usage as part of that law in respect of any of the matters dealt with herein if this Act had not been passed.

(2) Notwithstanding anything contained in subsection (1), nothing contained in this Act shall apply to the members of any Scheduled Tribe within the meaning of clause (25) of article 366 of the Constitution unless the Central Government, by notification in the Official Gazette, otherwise directs.

(3) The expression "Hindu" in any portion of this Act shall be construed as if it included a person who, though not a Hindu by religion, is nevertheless, a person to whom this Act applies by virtue of the provisions contained in this section.

. . .

4. Save as otherwise expressly provided in this Act,—

    (a) any text, rule or interpretation of Hindu law or any custom or usage as part of that law in force immediately before the commencement of this Act shall cease to have effect with respect to any matter for which provision is made in this Act;

    (b) any other law in force immediately before the commencement of this Act shall cease to apply to Hindus in so far as it is inconsistent with any of the provisions contained in this Act.

5. (1) No adoption shall be made after the commencement of this Act by or to a Hindu except in accordance with the provisions contained in this chapter, and any adoption made in contravention of the said provisions shall be void.

(2) An adoption which is void shall neither create any rights in the adoptive family in favour of any person which he or she could not have acquired except by reason of the adoption, nor destroy the rights of any person in the family of his or her birth.

6. No adoption shall be valid unless—

    (i) The person adopting has the capacity, and also the right, to take in adoption;

    (ii) the person giving in adoption has the capacity to do so;

    (iii) the person adopted is capable of being taken in adoption; and,

    (iv) the adoption is made in compliance with the other conditions mentioned in this Chapter.

7. Any male Hindu who is of sound mind and is not a minor has the capacity to take a son or daughter in adoption:

Provided that, if he has a wife living, he shall not adopt except with consent of his wife unless the wife has completely and finally renounced the world or has ceased to be a Hindu or has been declared by a court of competent jurisdiction to be of unsound mind.

8. Any female Hindu—

    (a) who is of sound mind,

    (b) who is not a minor, and

    (c) who is not married, or if married, whose marriage has been dissolved or whose husband is dead or has completely and finally renounced the world or has ceased to be a Hindu or has been declared by a court of competent jurisdiction to be of unsound mind,

has the capacity to take a son or daughter in adoption.

9. (1) No person except the father or mother or the guardian of a child shall have the capacity to give the child in adoption.

(2) Subject to the provisions of subsection (3), the father, if alive, shall alone have the right to give in adoption, but such right shall not be exercised save with the consent of the mother unless the mother has completely and finally renounced the world or has ceased to be a Hindu or has been declared by a court of competent jurisdiction to be of unsound mind.

(3) The mother may give the child in adoption if the father is dead or has completely and finally renounced the world or has ceased to be a Hindu or has been declared by a court of competent jurisdiction to be of unsound mind.

...

16. Whenever any document registered under any law for the time being in force is produced before any court purporting to record an adoption made and is signed by the person giving and the person taking the child in adoption, the court shall presume that the adoption has been made in compliance with the provisions of this Act unless and until it is disproved.