## MATTER OF MENDOZA

### In Visa Petition Proceedings

### A-21231624

*Decided by Board June 11, 1981*

(1) Prior to its repeal effective June 10, 1975, Article 335(1) of the Philippine Civil Code of 1950 precluded adoption by "Those who have legitimate, legitimated, acknowledged natural children or natural children by legal fiction. . . ."

(2) Despite the disqualification of an adopter under Article 335(1), an adoption granted by a competent court which is duly registered in the civil registry is valid until declared a nullity on grounds of mistake or error by a court of competent jurisdiction.

(3) Where the petitioner was disqualified from adoption by Article 335(1) in 1972 at the time she adopted the beneficiary in a Philippine judicial proceedings, and where the adoption was duly registered in the civil registry, and where the adoption had not been declared a nullity by a court of competent jurisdiction, a visa petition based on that adoption was properly approved.

ON BEHALF OF PETITIONER: Victor Agmata, Jr., Esquire
15 South King Street
Honolulu, Hawaii 96811

BY: Milhollan, Chairman; Maniatis, Maguire, and Morris, Board Members

The lawful permanent resident petitioner applied for preference status on behalf of the beneficiary as her adopted daughter under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). In a decision dated April 20, 1979, the District Director denied the visa petition. The petitioner appealed and in a decision dated December 10, 1979, we remanded the record to the District Director. In a decision dated December 16, 1980, the District Director approved the visa petition and certified the case to us for review. We affirm.

The petitioner is a 56-year-old native and citizen of the Philippines. The beneficiary, a native and citizen of the Philippines, was born on April 10, 1960, and is the niece of the petitioner. It is alleged that she was adopted by the petitioner and her husband in the Philippines on January 24, 1972.

The District Director initially denied the visa petition based on his finding that the 1972 adoption was not valid under Article 335 of the Philippine Civil Code of 1950, in effect at the time the adoption occurred.

66

That section provided, in pertinent part:

*Art. 335.* The following cannot adopt:
(1) Those who have legitimate, legitimated, acknowledged natural children or natural children by legal fiction . . . .

The District Director concluded that since the beneficiary was the child of the petitioner's daughter, Maria, her adoption was invalid under Philippine law and the petitioner could not therefore confer immigration benefits on her. On appeal, the petitioner asserted that the beneficiary was not her granddaughter, as claimed by the District Director, but her niece, since the beneficiary's father was the petitioner's brother. In addition, the petitioner contended that the adoption decree issued by the Second District Municipal Court of Candon should be given full force and effect.

Upon a review of the record, we remanded the case to enable the District Director to consider the relationship between the petitioner and the beneficiary and the conflicting evidence contained in the record as to the date of the adoption. It was noted that the adoption decree and a registration certificate from the office of the Santa Maria municipal civil registrar listed the adoption as having occurred on January 24, 1972. However, a registration document from the office of the local registrar in Candon indicated that the adoption took place on March 29, 1971. In addition, in a joint affidavit executed on December 15, 1977, the petitioner and her husband stated that they adopted the beneficiary sometime in 1968. We further stated that a determination should be made as to the validity of the judicial decision granting the adoption under Philippine law, in light of its recognition that the petitioner and her husband had a child of their own at the time of the adoption. We noted that the adoption order specifically stated that the adopting couple's married daughter was living apart from her parents and had consented to the adoption.

On remand, the District Director concluded, based on a further review of the record and additional evidence presented by the petitioner, that the beneficiary was in fact the petitioner's niece and that the adoption occurred on January 24, 1972. He further found that the adoption decree was valid and final since it had not been directly attacked on grounds of mistake or error in a court of competent jurisdiction within the time prescribed by Philippine law. The visa petition was accordingly approved and the record certified to us for review.

In order for an adoption to be recognized for immigration purposes, it must conform to the statutory requirements of section 101(b)(1)(E) of the Act, 8 U.S.C. 1101(b)(1)(E), as well as to the applicable law of the jurisdiction where it occurred. *Matter of Lee,* 16 I&N Dec. 511 (BIA 1978); *see Matter of Garcia-Rodriguez,* 16 I&N Dec. 438 (BIA 1978); *Matter of Dhillon,* 16 I&N Dec. 373 (BIA 1977). Section 101(b)(1)(E) of

the Act defines the term "child" as including "a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least 2 years."

We are satisfied that the adoption in this case occurred on January 24, 1972, as reflected by the adoption decree. The Santa Maria registration certificate also reflects the January 24, 1972, date and indicates that the adoption was registered in that office only 2 days after the adoption decree was issued. In contrast, the Candon Register, indicating a March 29, 1971, adoption date, reveals that the adoption was registered in that municipality on February 28, 1978, over 6 years after the adoption was granted. It appears, from a review of the adoption decree, that the March 29, 1971, date reflected on the Candon Register refers to the date the petitioner and her husband filed the petition for adoption rather than the date the adoption was granted. Further, in a joint affidavit dated February 25, 1980, the petitioner and her husband attest that their prior statement of a 1968 adoption referred to the year they first considered adopting the beneficiary and not the actual date of adoption. The affidavit reflects that the petitioner departed from the Philippines in 1968 to come to the United States and that the beneficiary has resided with her from 1961 up until that time. The petitioner and her husband also attest that they continued to provide for the support, maintenance, and education of the beneficiary subsequent to the petitioner's move to this country in 1968. In light of the foregoing, we conclude that the adoption in the instant case did in fact occur on January 24, 1972. Since the beneficiary was only 11 years old at the time of the adoption, the age requirements of section 101(b)(1)(E) of the Act have been satisfied. We further find, based on the evidence contained in the record, that the 2-year residency and legal custody requirements of that section have been met.

The only remaining question is whether the adoption in the instant case is valid under Philippine law. A birth register and baptismal certificate contained in the record establish that the petitioner and her husband had a daughter by the name of Emiliana Mendoza at the time of the beneficiary's adoption.[1] The adoption decree reflects that the petitioner's daughter executed a written statement consenting to the adoption of the beneficiary by her parents since she was already married and living separate and apart from them. The decree further indicates that the petitioner's daughter reiterated her approval of the adoption during the adoption during the adoption proceedings.

---

[1] There is no indication in the record that the beneficiary's mother. Maria Pajarito, is the daughter of the petitioner, as was initially concluded by the District Director.

68

The District Director concluded that the adoption was valid under Philippine law despite the provisions of Article 335 of the 1950 Civil Code based partially on a report entitled "Adoption Law in the Philippines" prepared by the Law Library of the Library of Congress. The report states that no statutory provisions or court cases could be found on the specific issue of whether an adoption granted by a court to a disqualified adopter, which is duly registered, is void *ab initio* or merely voidable. The report does however indicate that the Philippine Supreme Court has stated that an erroneously granted adoption can only be corrected by an appellate court or through reconsideration by the issuing court. Further, the report cites Philippine Supreme Court and lower court decisions which state that public policy and sound practice demand, at the risk of occasional errors, that court judgments become final at some definite date fixed by law. Based on this material, the report concludes that despite the disqualification of an adopter, an adoption granted by a competent court which is duly recorded in the civil registry, is valid until declared null on grounds of mistake or error by a court of competent jurisdiction. The report further indicates that Article 335 of the 1950 Civil Code was expressly repealed by the Child and Youth Welfare Code, effective June 10, 1975, so that persons formerly prohibited from adopting under the Article can now do so. The provisions of the new code however do not have retroactive effect.

Also contained in the record is a memorandum prepared by a judge of the Court of First Instance in the Philippines which indicates that the adoption order here became final and binding on all parties and strangers in the absence of an appeal filed within 30 days of notification of the decision. The memorandum states that once the judgment became final, it was not subject to collateral attack and its validity could only be questioned, in an action filed specifically for its annulment. Further, it indicates that a direct attack of the adoption order would not succeed in light of the current laws and policies of the Philippines which permit persons with children to adopt. Also contained in the record is a letter from the Philippine Consul General in Hawaii which reiterates the view that the adoption order in this case is not void *ab initio*, but valid until declared null by a competent court.

In light of the foregoing assessment of Philippine law, we conclude that despite the error of the municipal court in granting the adoption to the petitioner and her husband who had a legitimate child of their own, the judgment is valid under Philippine law. The petitioner has therefore met her burden of establishing that the beneficiary qualifies as her adopted daughter under section 203(a)(2) of the Act. The District Director's decision will be affirmed.

**ORDER:** The decision of the District Director is affirmed.