MATTER OF KHATOON

In Visa Petition Proceedings

A-22676233

*Decided by Board July 31, 1984*

(1) In order for an adoption to be valid for immigration purposes, it first must be shown that the adoption conformed with and is recognized by the applicable law of the jurisdiction where it occurred.

(2) Under the Indian Muslim Personal Law Application Act, which applies to Moslems in India, adoption among Moslems is not legally recognized or valid; therefore, Moslem adoptions in India are invalid for purposes of the Immigration and Nationality Act. *Matter of Irani*, 15 I&N Dec. 569 (BIA 1976), distinguished.

ON BEHALF OF PETITIONER:
Pro se

ON BEHALF OF SERVICE:
Ferenc P. Vandor
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

On March 13, 1984, the district director denied the petition seeking to classify the beneficiary as the adoptive mother of a United States citizen under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b) (1982), and certified his decision to the Board for review. The decision of the district director will be affirmed.

The petitioner is a 46-year-old native of India and citizen of the United States. The beneficiary is a 60-year-old native and citizen of India. The petitioner claims that the beneficiary legally adopted him in India in 1942 pursuant to the Hindu Code as provided in *Matter of Irani*, 15 I&N Dec. 569 (BIA 1976). He submitted no official documentation but only various affidavits in support of this claim.

Because the record reflects and the petitioner acknowledges that both he and the beneficiary are Moslems, the district director requested advice from the Law Library of the Library of Congress regarding the validity of Moslem adoption under the Hindu Code in India. The reply from the Law Library stated that the Hindu Code

in India applies only to Hindus, not Moslems, and that the applicable Muslim Personal Law Application Act—consistent with general Moslem law and practice—makes no provision for legal adoption among Moslems. Accordingly, the district director concluded that the alleged adoptive relationship is not valid under Indian law and he denied the petition. We agree.

In order for an adoption to be valid for immigration purposes, it first must be shown that the adoption conformed with and is recognized by the applicable law of the jurisdiction where it occurred. *Matter of Mendoza*, 18 I&N Dec. 66 (BIA 1981); *Matter of Lee*, 16 I&N Dec. 511 (BIA 1978); *see also Mila v. INS*, 678 F.2d 123 (10th Cir. 1982), *cert. denied*, 459 U.S. 1104 (1983); *Matter of Fakalata*, 18 I&N Dec. 213 (BIA 1982) (customary adoption). Based upon the expert memorandum of foreign law dated September 26, 1983, from the Library of Congress, and in the absence of any contrary proof from the petitioner,[1] the district director's reading and application of Indian law to this alleged Moslem adoption was correct.

The substance of the Library of Congress foreign law memorandum can be summarized more fully as follows. Whereas "[a]doption among the Hindus in India is an ancient tradition, . . . after the arrival of Islam and the entry of Muslims in[to] India, this Hindu tradition was not accepted as a part of the Muslim law."

Instead, "[a]s a community in India, in most matters of family relations, Muslims are governed by the Muslim personal law.[2] " The memorandum continues:

> [T]he Hindu law applies only to the Hindus. Therefore, a Muslim cannot claim the benefit of those provisions without belonging to that religion just as a Hindu cannot take advantage of the Muslim personal law. The personal law of each religion applies only to its respective followers.[3]

> It is well established that neither the provisions of the Muslim personal law nor any customary law of the Muslims allows an adoption.[4] Among the Muslims, unlike the Hindus, adoption is not considered a mode of filiation. [5] Consequently, an adoption, if made as a fact, does not carry any right of inheritance nor does the child lose any such right in his natural family.

(All footnotes—as consecutively renumbered herein—appear in the original memorandum.)

Based upon the foregoing, we hold that under the Indian Muslim Personal Law Application Act, which applies to Moslems in India,

---

[1] The petitioner bears the burden to prove any foreign law upon which he may rely. *Matter of Annang*, 14 I&N Dec. 502 (BIA 1973).

[2] The Muslim Personal Law (Shariat) Application Act, 1937, No. XXVI, § 2.

[3] IV H. Gour. *The Hindu Code* 765 (1978).

[4] *Muhammad Umar Khan v. Muhammad Niaz-ud-din Khan*, 13 Indian Cas. 344 (P.C. 1911); *Mir Zaman v. Nur Alam*, 162 Indian Cas. 314 (1936).

[5] M. Hidayatullah, *Mulla Principles of Mahomedan Law* 320 (16th ed. 1968).

adoption among Moslems is not legally recognized or valid; therefore, Moslem adoptions in India are invalid for purposes of the Immigration and Nationality Act.

The petitioner has argued both below and on certification that his adoption is valid under the standards of *Matter of Irani, supra.* However, *Irani* is clearly distinguishable from this case because it explicitly applied only to adoptions among *Hindus* under the Hindu Code in India.[6] *See also Matter of Patel,* 17 I&N Dec. 414, 417 (BIA 1980). The foreign law evidence of record specifically recites that the Hindu Code does not apply to Moslems.

Applying the above holding to this case, the petitioner's alleged Moslem adoption by the beneficiary in India is not recognized under Indian law and so is not valid for immigration purposes. Therefore, the petitioner has failed to establish the beneficiary's eligibility for classification as his adoptive mother under section 201(b) of the Act. The district director's decision was proper.

ORDER: The decision of the district director is affirmed.

---

[6] We note that the memoranda of foreign law both in *Irani* and herein were prepared by the same Senior Legal Specialist of the Library of Congress.