**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1850
_____

JOSE MIGUEL KRANWINKEL,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A017-519-505)
Immigration Judge:  Honorable Quynh V. Bain
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 4, 2013

Before:  RENDELL, GREENAWAY, JR. and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 5, 2013)
_____

OPINION
_____

PER CURIAM

Petitioner Jose Miguel Kranwinkel seeks review of a final order of removal issued

by the Board of Immigration Appeals (BIA).  For the reasons detailed below, we will

1

deny his petition for review.

Kranwinkel was born in the Dominican Republic. In 1967, when Kranwinkel was five, he was admitted to the United States as a lawful permanent resident. He then lived in New York with his father, who was not a citizen of the United States. His biological mother, who was never married to his father, remained in the Dominican Republic. In 1968, his father married Celeste Kranwinkel, who became a naturalized United States citizen in 1973.

Beginning in 1982, Kranwinkel was convicted of a series of criminal offenses, culminating in a conviction in 1997 for conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. § 846. In 2008, the Department of Homeland Security charged him with being removable under (a) 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who had been convicted of an aggravated felony, and (b) § 1227(a)(2)(B)(i), as an alien who had been convicted of a controlled-substance offense.

Before an Immigration Judge (IJ), Kranwinkel acknowledged that his criminal conviction qualified as an aggravated felony and a controlled-substance offense under § 1227(a)(2), but claimed that he had obtained citizenship through Celeste and was thus not removable. The IJ, after repeatedly continuing the hearing at Kranwinkel's request to allow him to seek evidence to support his claim, ruled that Kranwinkel had presented insufficient evidence to establish that Celeste had adopted him, and thus ordered him removed. Kranwinkel appealed to the BIA, which dismissed the appeal, holding that Kranwinkel's evidence "show[ed] an informal agreement between [Kranwinkel's] mother

2

and stepmother, [but] . . . not evidence of a prior legal adoption."[1]  Kranwinkel then filed a timely petition for review.

Because Kranwinkel is removable by virtue of having committed a controlled-substance offense that is also an aggravated felony, we have jurisdiction over only questions of law and constitutional claims.  See § 1252(a)(2)(C), (D).  The issue of derivative citizenship, the only matter Kranwinkel raises, is a purely legal question of statutory interpretation, which we are thus empowered to review.  See Morgan v. Att'y Gen., 432 F.3d 226, 229 (3d Cir. 2005).  In considering the issue, we must determine whether there is a genuine issue of material fact; if there is no genuine issue of material fact, we will decide the nationality claim, but if there is, we must transfer the matter to a district court.  See 8 U.S.C. § 1252(b)(5).

It is undisputed that Kranwinkel was born abroad.  Therefore, he bears the ultimate burden of establishing his citizenship, with all doubts resolved against him.  Bagot v. Ashcroft, 398 F.3d 252, 256-57 (3d Cir. 2005).  As noted above, Kranwinkel seeks to establish citizenship through Celeste by showing that she adopted him.  Thus, while two different versions of former 8 U.S.C. § 1432(a) apply here (the 1952 version, which was in effect when Celeste was naturalized, and the 1978 version, which was in effect when Kranwinkel turned 18[2]), see Bagot, 398 F.3d at 257 n.3 (stating that courts

---

[1] While Kranwinkel also raised a claim under the Convention Against Torture before the agency, he explicitly abandoned the claim in his appellate brief.

[2] Section 1432 was repealed by the Child Citizenship Act of 2000 (CCA), Pub. L. No. 106–395, which took effect on February 27, 2001.  See 8 U.S.C. § 1431.  The CCA is not

3

should apply version of statute in effect at certain specified times), we will focus on the 1978 version, which is the only version that permits adopted children to derive citizenship. Compare § 1432(b) (1952), with § 1432(b) (1978). (Neither version extends derivative-citizenship rights to stepchildren. See United States v. Sarwari, 669 F.3d 401, 408-09 (4th Cir. 2012).) However, only legally recognized adoptions qualify under the statute: "[F]or an adoption to be valid for immigration purposes, it first must be shown that the adoption conformed with and is recognized by the applicable law of the jurisdiction where it occurred." In re Khatoon, 19 I. & N. Dec. 153, 154 (BIA 1984); see also Kaho v. Ilchert, 765 F.2d 877, 881 (9th Cir. 1985).

Here, Kranwinkel did not produce any official records establishing that he had been adopted. Rather, he provided present-day affidavits from his biological mother, stating that she "g[a]ve" Kranwinkel to his father and stepmother when he was five years old, and his stepmother, stating that since 1968, Kranwinkel had been in her custody as if he were her biological son, and that she "adopted" him. These affidavits do not refer to any legal or administrative proceeding; rather, they plainly show, as the BIA found, that there was an informal agreement between Kranwinkel's biological mother and Celeste that the latter would raise him. This does not qualify as a legal adoption under the laws of New York (where Kranwinkel resided with Celeste). See N.Y. Domestic Relations Law §§ 114, 116. Kranwinkel suggests that this type of informal arrangement constitutes a legal adoption in the Dominican Republic, but he has produced no evidence to that

retroactive, and thus does not apply here. See Morgan, 432 F.3d at 230 n.1.

effect, and the burden was on him to do so.  See Abdille v. Ashcroft, 242 F.3d 477, 490-91 (3d Cir. 2001).  His mere assertion, like his stepmother's conclusory use of the legal term "adopt," does not suffice to create a dispute of fact.  See, e.g., Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 161 (3d Cir. 2009).  Therefore, Kranwinkel has failed to present evidence to establish that his stepmother effectuated a legally recognized adoption, which is fatal to his claim of derivative citizenship under § 1432.[3]

Accordingly, we will deny the petition for review.

---

[3] It appears that Kranwinkel is also unable to satisfy the other requirements of § 1432(a)(3), which is the only subsection of § 1432(a) that he has relied on here.  See Catwell v. Att'y Gen., 623 F.3d 199, 210 (3d Cir. 2010).  However, in denying Kranwinkel's claim, the BIA did not rely on these deficiencies, and we are limited to reviewing the BIA's actual reasoning.  See Li v. Att'y Gen., 400 F.3d 157, 163 (3d Cir. 2005).