MATTER OF ANNANG

In Visa Petition Proceedings

A-20109051

*Decided by Board December 10, 1973*

(1) In visa petition proceedings, the law of a foreign country is a question of fact which must be proved by the petitioner if he relies on it to establish eligibility for an immigration benefit.

(2) Customary marriages are recognized in Ghana; the essential elements of every such customary marriage are: (a) consent by the two parties that they live together as man and wife; (b) consent by the family of the man that he should have the woman as his wife; (c) consent by the woman's family that she should have the man as her husband, and (d) consummation of the marriage by cohabitation.

ON BEHALF OF PETITIONER:
Pro se

ON BEHALF OF SERVICE:
David L. Milhollan
Appellate Trial Attorney

The petitioner, a lawful permanent resident alien, applied for preference classification for the beneficiary as his unmarried son under section 203(a)(2) of the Immigration and Nationality Act. In a decision dated July 31, 1973, the District Director denied the petition on the ground that the beneficiary was illegitimate at birth and no evidence showing his legitimation was presented. The petitioner appeals from this decision. The appeal will be dismissed.

The beneficiary is a citizen of Ghana who was born in that country in 1966 and is presently residing there. The petitioner contends that the beneficiary is his legitimate child from birth, the issue of a valid customary marriage in Ghana between the petitioner and the beneficiary's mother, which has since been dissolved. However, in the visa petition submitted on behalf of the beneficiary, the section which gives information as to the petitioner's marital status indicates that he was married in 1969, and contains the response "none" in regard to the number of his prior marriages. We also note that the beneficiary's birth and baptismal certificates refer to his mother by her maiden name, Cecilia Mann.

In visa petition proceedings, the burden of establishing eligibility for the benefits sought under the immigration laws rests upon

the petitioner, *Matter of Yee,* 11 I. & N. Dec. 27 (BIA 1964). In such proceedings, the law of a foreign country is a question of fact which must be proved by the petitioner if he relies on it to establish eligibility for an immigration benefit. On this appeal, the petitioner's assertions benefit. On this appeal, the petitioner's assertions as to the validity of his claimed customary marriage in Ghana are unsupported by documentary or other competent evidence. Thus, he has failed to meet his burden of proof.

According to a report prepared for us by the Library of Congress on October 19, 1973, customary marriages are recognized in Ghana. The report states that the essential elements of every customary marriage are: (a) consent by the two parties that they live together as man and wife; (b) consent by the family of the man that he should have the woman as his wife; (c) consent by the woman's family that she should have the man as her husband; and (d) consummation of the marraige by cohabitation. The consent referred to may be actual or constructive, and is usually indicated by the performance of certain rites or customs.

The petitioner has offered no evidence to establish compliance with any of the foregoing requirements. Accordingly, we shall affirm the District Director's decision and dismiss the appeal.

**ORDER:** The appeal is dismissed.