## MATTER OF DHILLON

### In Visa Petition Proceedings

#### A–21489580

*Decided by Board October 27, 1977*

(1) Petitioner seeking visa preference status for "adopted" daughter under section 203(a)(2) of the Immigration and Nationality Act bears burden of proving eligibility for benefit sought.

(2) In visa petition proceedings, the law of a foreign country is a question of fact that must be proved by the petitioner if he wishes to rely on it to establish eligibility for an immigration benefit.

(3) Under Hindu Adoptions and Maintenance Act of 1956, a married woman, whose husband is a Hindu of sound mind, lacks capacity to adopt a child even with her husband's consent.

(4) Petitioner fails to establish that wife could lawfully effect adoption of daughter in India under Hindu Adoptions and Maintenance Act by means of a power of attorney executed by petitioner in Texas as (1) wife is statutorily precluded from effecting adoption under Hindu law even with husband's consent; (2) no evidence is presented regarding recognition of powers of attorney under Hindu law; and (3) wife accomplished "adoption" in her own name and by her signature alone.

ON BEHALF OF PETITIONER: Pro se

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

The lawful permanent resident petitioner applied for preference status for the beneficiary as his adopted daughter under section 203(a)(2) of the Immigration and Nationality Act. In a decision dated March 13, 1977, the District Director denied the petition. The petitioner has appealed. The appeal will be dismissed.

The beneficiary is a 10-year-old native and citizen of India. The petitioner, an Indian lawfully admitted for permanent residence in the United States in 1974, submitted a visa petition on behalf of the child on January 2, 1976. He stated therein that the beneficiary is his and his wife's lawfully adopted child.

A copy of a three-page "adoption deed" was submitted with the visa petition. It indicates that the petitioner's wife, with his authority as granted by a general power of attorney, adopted the beneficiary on June 18, 1975. The "deed" indicates that the child had been in the custody of the petitioner and his wife since an early age. It was signed by the

petitioner's wife in her own name only. She did not sign the petitioner's name on his behalf. The "deed" also reflects that the child's natural mother consented to the adoption. In the copy submitted with the visa petition, however, no reference is made to any consent to the adoption by the child's natural father, and he did not sign the document.

Following submission of the visa petition, the District Director referred the question of the validity of this adoption under Indian law to the Law Librarian at the Library of Congress.

A memorandum prepared by a Senior Legal Specialist at the Library of Congress concludes that the adoption "seems invalid." The memorandum indicates that under the Hindu Adoptions and Maintenance Act of 1956 (Appendix A) the right to adopt belongs to a male Hindu or Sikh, even though he may exercise this power only with his wife's consent. A married woman may adopt a child only under very limited circumstances (section 8 of that Act). Where her husband is a Hindu of sound mind, the wife does not have the capacity to take a child in adoption even with her husband's consent. Moreover, the right to give a daughter in adoption is the right of the natural father alone, even though he may not exercise the right without the consent of the child's natural mother. A mother may give the child in adoption only if the father is dead, has ceased to be a Hindu, or is of unsound mind (section 9). An adoption in violation of the statutory terms is void (section 5).

The Legal Specialist noted that the adoption at issue was accomplished by the wife alone, even though she did have her husband's consent. He also noted that there was no evidence that the child's natural father consented to the adoption. He, therefore, questioned the validity of the adoption under Hindu law.

The District Director denied the petition based upon the Library of Congress memorandum. He concluded that the petitioner's wife was "statutorily ineligible to adopt the child, even with her husband's authorization." He also cited the absence of the natural father's consent to the adoption as a basis for determining that the adoption was not valid under applicable law.

On appeal, the petitioner challenges the District Director's analysis of Indian law. He asserts that Hindu law does not preclude a wife from adopting a child with her husband's consent, if the adoption is effected by means of a power of attorney. He states that the general power of attorney signed by him, and registered in Harris County, Texas, empowered his wife to execute the "adoption deed."

The petitioner also submits a new third page of the "adoption deed" with his appeal. The body of this page of the "deed" still refers only to the child's natural mother as consenting to the adoption, but the signature of the child's natural father now appears on the document. This edition of the "adoption deed" was also purportedly executed on June

18, 1975. The attestations on this newly submitted third page, however, suggest that the "deed" was reexecuted on August 24, 1977.

In visa petition proceedings the burden of proving eligibility for the benefit sought rests with the petitioner. *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966). Moreover, the law of a foreign country is a question of fact that must be proved by the petitioner if he wishes to rely on it. *Matter of Annang*, 14 I. & N. Dec. 502 (BIA 1973).

After a review of the applicable foreign law, of the Library of Congress memorandum, and of the circumstances of the cited adoption, we conclude that the petitioner has not satisfied his burden of establishing that this adoption is valid under Hindu law.

Under the Hindu Adoptions and Maintenance Act, a wife has no authority to effect an adoption while validly married to a Hindu husband of sound mind. She has no authority to do so even with her husband's consent. Moreover, we see no authority in the law for the accomplishment of an adoption by a wife through the means of a power of attorney from her husband. In fact, we are not aware if powers of attorney are recognized under Hindu law, and the petitioner has done nothing to enlighten us in this regard. We also note, however, that even though the "adoption deed" references a general power of attorney from the husband, the petitioner's wife did not attempt to sign the "deed" in his name. Instead, she signed the "deed," and accomplished the purported adoption, in her own name. Under such circumstances alone, we would conclude that the petitioner had failed to establish both the applicable foreign law, and the validity of the adoption under that law.

The record is still not entirely clear, however, regarding the natural father's consent to this adoption. His signature does appear on the newly provided third page of the "adoption deed," but the deed itself still references only the natural mother's consent. This factor, combined with the question of the actual date of execution of the third page now before us, raises additional unanswered questions regarding the validity of the adoption as of June 18, 1975.

On the basis of the evidence presented, we conclude that the petitioner has not sustained his burden of proving that the beneficiary is his "child" within the meaning of section 101(b) of the Act. The appeal will, therefore, be dismissed. The petitioner, however, may submit a new visa petition on behalf of this beneficiary if additional evidence regarding the validity of the adoption under Hindu law becomes available.

ORDER: The appeal is dismissed.

### APPENDIX A

Extracted provisions of the Hindu Adoptions and Maintenance Act of 1956

1. (1) This Act may be called the Hindu Adoptions and Maintenance Act, 1956.

(2) It extends to the whole of India except the State of Jammu and Kashmir.

2. (1) This Act applies—

    (a) to any person, who is a Hindu by religion in any of its forms or developments, including a Virashaiva, a Lingayat or a follower of the Brahmo, Prarthana or Arya Samaj;

    (b) to any person who is a Buddhist, Jaina, or Sikh by religion;

    (c) to any other person who is not a Muslim, Christian, Parsi or Jew by religion, unless it is proved that any such person would not have been governed by the Hindu law or by any custom or usage as part of that law in respect of any of the matters dealt with herein if this Act had not been passed.

(2) Notwithstanding anything contained in subsection (1), nothing contained in this Act shall apply to the members of any Scheduled Tribe within the meaning of clause (25) of article 366 of the Constitution unless the Central Government, by notification in the Official Gazette, otherwise directs.

(3) The expression "Hindu" in any portion of this Act shall be construed as if it included a person who, though not a Hindu by religion is, nevertheless, a person to whom this Act applies by virtue of the provisions contained in this section.

. . . .

4. Save as otherwise expressly provided in this Act,—

    (a) any text, rule or interpretation of Hindu law or any custom or usage as part of that law in force immediately before the commencement of this Act shall cease to have effect with respect to any matter for which provision is made in this Act;

    (b) any other law in force immediately before the commencement of this Act shall cease to apply to Hindus in so far as it is inconsistent with any of the provisions contained in this Act.

5. (1) No adoption shall be made after the commencement of this Act by or to a Hindu except in accordance with the provisions contained in this Chapter, and any adoption made in contravention of the said provisions shall be void.

(2) An adoption which is void shall neither create any rights in the adoptive family in favour of any person which he or she could not have acquired except by reason of the adoption, nor destroy the rights of any person in the family of his or her birth.

6. No adoption shall be valid unless—

> (i) The person adopting has the capacity, and also the right, to take in adoption;
>
> (ii) the person giving in adoption has the capacity to do so;
>
> (iii) the person adopted is capable of being taken in adoption; and,
>
> (iv) the adoption is made in compliance with the other conditions mentioned in this Chapter.

7. Any male Hindu who is of sound mind and is not a minor has the capacity to take a son or a daughter in adoption:

> Provided that, if he has a wife living, he shall not adopt except with the consent of his wife unless the wife has completely and finally renounced the world or has ceased to be a Hindu or has been declared by a court of competent jurisdiction to be of unsound mind.

8. Any female Hindu—

> (a) who is of sound mind,
>
> (b) who is not a minor, and
>
> (c) who is not married, or if married, whose marriage has been dissolved or whose husband is dead or has completely and finally renounced the world or has ceased to be a Hindu or has been declared by a court of competent jurisdiction to be of unsound mind,

has the capacity to take a son or daughter in adoption.

9. (1) No person except the father or mother or the guardian of a child shall have the capacity to give the child in adoption.

(2) Subject to the provisions of subsection (3), the father, if alive, shall alone have the right to give in adoption, but such right shall not be exercised save with the consent of the mother unless the mother has completely and finally renounced the world or has ceased to be a Hindu or has been declared by a court of competent jurisdiction to be of unsound mind.

(3) The mother may give the child in adoption if the father is dead or has completely and finally renounced the world or has ceased to be a Hindu or has been declared by a court of competent jurisdiction to be of unsound mind. . . .

16. Whenever any document registered under any law for the time being in force is produced before any court purporting to record an adoption made and is signed by the person giving and the person taking the child in adoption, the court shall presume that the adoption has been made in compliance with the provisions of this Act unless and until it is disproved.