MATTER OF RODRIGUEZ-CRUZ

In Visa Petition Proceedings

A-23050125

*Decided by Board June 10, 1981*

(1) Pursuant to Article 130 of the Constitution of Mexico, only marriages contracted in accordance with civil formalities are recognized in Mexico.

(2) A religious marriage ceremony in Mexico does not result in a valid marriage, despite the parties' intention that it be such. *Matter of A-E-*, 4 I&N Dec. 405 (BIA 1951), reaffirmed; *Matter of K-*, 7 I&N Dec. 492 (BIA 1957), overruled.

(3) Since the petitioner and the beneficiary's mother did not enter into a civil marriage ceremony in Mexico until the beneficiary had already reached the age of 22, he cannot meet the 18-year age requirement for legitimation in accordance with section 101(b)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1)(C).

ON BEHALF OF PETITIONER: William Stahl, Esquire
Stahl & Gardner
4040 Moorpark Avenue
San Jose, California 95117

BY: Milhollan, Chairman; Maniatis, Maguire, and Morris, Board Members

This is an appeal from the March 5, 1979, decision of the District Director denying the visa petition filed by the United States citizen petitioner on behalf of the beneficiary as his son under section 203(a)(1) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(1). The appeal will be dismissed.

The United States citizen petitioner was born on February 4, 1927, in Garland, Texas. The beneficiary is a 30-year-old native and citizen of Mexico. The District Director denied the visa petition based on his finding that the beneficiary was born illegitimate and had been legitimated by the marriage of his parents after he had reached the age of 18. He concluded therefore that the beneficiary could not qualify as the child of the petitioner under section 101(b)(1)(C) of the Act, 8 U.S.C. 1101(b)(1)(C), and consequently could not be conferred visa preference status as the son of the petitioner.

In order for a United States citizen to confer visa-preference status upon the beneficiary he must once have qualified as a "child" under

section 101(b) of the Act, 8 U.S.C. 1101(b). Section101(b)(1)(C) of the Act provides that:

The term "child" means an unmarried person under twenty-one years of age who is —
(C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.

On appeal, the petitioner argues that the beneficiary qualifies as his child since he entered into a religious marriage with the beneficiary's mother on March 13, 1949, more than a year prior to the beneficiary's birth. Contained in the record is a marriage certificate issued by the Vicaria Fija de San Miguel Arcangel in Uriangato, Guanajuato, Mexico, verifying the 1949 religious marriage of the petitioner and the beneficiary's mother. Also included in the record is a marriage certificate issued by the Guanajuato Civil Registrar which indicates that the beneficiary's parents entered into a civil marriage ceremony on November 23, 1972.

Counsel for the petitioner contends that the question of the validity of religious marriages, particularly in Mexico, is governed by the intent of the parties. He cites *Matter of K-*, 7 I&N Dec. 492 (BIA 1957), for the proposition that where the evidence of record indicates that the foreign religious marriage was entered into in good faith and recognized by the parties thereto, the validity of the marriage was presumed in the absence of evidence to the contrary, reliance being had on the presumption in favor of the validity of a marriage and that the formalities of law had been complied with.

The petitioner's reliance on *Matter of K-*, *supra*, is misplaced. The generally accepted rule is that the validity of a marriage is governed by the law of the place of celebration. *See Matter of P-*, 4 I&N Dec. 610 (A.G. 1952; BIA 1952); *Matter of Freeman*, 11 I&N Dec. 482 (BIA 1966). Article 130 of the Constitution of Mexico, in force at the time of the 1949 religious marriage of the beneficiary's parents, provides:

Marriage is a civil contract. This and other acts concerning the civil status of persons are within the exclusive competence of civil officials and authorities in the manner prescribed by law. These acts shall have the force and validity attributed to them thereby.

In *Matter of A-E-*, 4 I&N Dec. 405 (BIA 1951), we held that a religious marriage ceremony in Mexico does not result in a valid marriage, notwithstanding the parties' intention that it be such. *See also Matter of Magana*, 17 I&N Dec. 111 (BIA 1979). To the extent that *Matter of K-*, *supra*, is inconsistent with *Matter of A-E-*, *supra*, it is expressly overruled. Since the religious marriage in question here was not performed in accordance with civil formalities, it did not result in a valid marriage under Mexican law, despite any intent on the part of the petitioner and the beneficiary's mother that it be such.

In visa petition proceedings, the burden of proving eligibility for the benefit sought rests with the petitioner. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966). The law of a foreign country is a question of fact that must be proven by the petitioner if he wishes to rely on it. *Matter of Dhillon*, 16 I&N Dec. 373 (BIA 1977); *Matter of Annang*, 14 I&N Dec. 502 (BIA 1973). The petitioner has not presented any evidence to establish that the 1949 religious marriage would be recognized as valid under the law of Mexico or the State of Guanajuato in effect at the time of the marriage. Since the petitioner and the beneficiary's mother did not enter into a civil marriage ceremony until 1972 when the beneficiary had already reached the age of 22, the beneficiary cannot meet the 18-year age requirement for legitimation in accordance with section 101(b)(1)(C) of the Act. Consequently, the petitioner cannot confer visa-preference status on the beneficiary as his son. The appeal, accordingly, will be dismissed.

**ORDER:** The appeal is dismissed.