## Matter of Francis KODWO, Beneficiary of a visa petition filed by Idelle Monique Hamilton, Petitioner

File A99 245 589 - Fairfax, Virginia

*Decided March 26, 2008*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

While a court order remains the preferred method of establishing the dissolution of a customary tribal marriage under Ghanaian law, affidavits executed by the heads of household, i.e., the fathers of the couple, that meet specified evidentiary requirements may be sufficient to establish a divorce for immigration purposes. *Matter of Kumah*, 19 I&N Dec. 290 (BIA 1985), modified.

FOR PETITIONER: Charles Okyere, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Jason Raphael, Associate Regional Counsel

BEFORE: Board Panel: PAULEY, Board Member; MANN and GUENDELSBERGER, Temporary Board Members.

MANN, Temporary Board Member:

In a decision dated May 15, 2007, the Acting District Director ("Director") of the U.S. Citizenship and Immigration Services ("USCIS") denied the visa petition filed by the petitioner on behalf of the beneficiary to accord him immediate relative status as the spouse of a United States citizen under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b) (2000). The Director found that the petitioner failed to demonstrate that her marriage to the beneficiary was valid, concluding that the beneficiary was not eligible to legally marry at the time of their marriage. The petitioner has appealed from that decision. The appeal will be sustained and the record will be remanded for further proceedings.

The record reflects that the petitioner and the beneficiary were married on November 22, 2004, in the State of Virginia. On January 21, 2005, the petitioner filed a Petition for Alien Relative (Form I-130) on the beneficiary's behalf. In order to establish eligibility for a spousal visa petition, the petitioner must prove, by a preponderance of the evidence, that any previous marriages of both the petitioner and the beneficiary have been legally terminated.

8 C.F.R. § 204.2(a)(2) (2007). The beneficiary, a Ghanaian citizen, was previously married in Ghana according to local tribal custom. As evidence of the termination of the beneficiary's prior marriage, the petitioner submitted a statutory declaration before the Superior Court of Judicature, of the High Court of Justice in Accra, executed on October 29, 2004, by the fathers of both the bride and the groom. The fathers declared that the customary marriage contracted between the couple on June 20, 1998, was dissolved on January 23, 2004, in the presence of elders of both parties.

On May 16, 2006, the USCIS issued a Notice of Intent to Deny the visa petition based on the petitioner's failure to provide acceptable evidence of the dissolution of the beneficiary's prior customary marriage. The notice stated the following:

> Proper documentation of the dissolution of a customary marriage is a decree, issued by a high court, circuit court or district court under the Matrimonial Causes Act of 1971 (Act 367), Section 41(2), stating that the marriage in question was dissolved in accordance with customary law. Affidavits or "statutory declarations" attesting to a divorce under customary law, even when duly sworn, do not constitute proper documentation of the dissolution of a Ghanaian customary marriage. *See Matter of Kumah*, 19 I&N Dec. 290 (BIA 1985).

It further noted that the divorce decree submitted by the petitioner from the High Court of Justice in Accra, Ghana, was "under the Statutory Declaration Act [No. 389 of 1971] and is therefore not acceptable as evidence that [the beneficiary's] former marriage had been terminated when [the marriage of the petitioner and the beneficiary] was contracted."

In response to the notice, the petitioner submitted a new divorce decree issued by the District Magistrate Court in Koforidua, Ghana, under section 41(2) of the Matrimonial Causes Act of 1971 (Acts 367), indicating that the marriage was dissolved based on the joint affidavit submitted by the fathers of the beneficiary and his former spouse. The decree, which was executed on June 26, 2006, confirmed that the marriage had been dissolved on January 23, 2004, at Kumasi "and since that time any of the parties had the liberty to re-marry anybody anywhere and at anytime in the world and that such customary marriage and divorce are recognized under the laws of Ghana."

In her decision, the Director considered the new divorce decree but concluded that the attempt in the new decree to backdate the divorce to January 23, 2004, would not be recognized. Therefore, the Director determined that since the valid date of the divorce was June 26, 2006, the beneficiary was not legally free to marry the petitioner on November 22, 2004.

On appeal, the petitioner contends that the Board recognizes customary Ghanaian divorces, even when a court decree is unavailable, and that statutory declarations of the dissolution of a customary marriage, and a decree from the district magistrate court confirming that dissolution, should be sufficient proof

of the termination of the beneficiary's prior marriage. In addition, the petitioner states that the decree she submitted does not attempt to backdate the divorce but rather confirms the nonjudicial divorce of January 23, 2004, in conformity with the rulings in *Matter of Akinola*, 15 I&N Dec. 359 (BIA 1975), and *Matter of DaBaase*, 16 I&N Dec. 39 (BIA 1976).

In *Matter of Kumah*, *supra*, we modified our previous holdings in *Matter of Akinola* and *Matter of DaBaase* and concluded that a Ghanaian court decree that either grants or confirms a Ghanaian customary divorce is an essential element of proof in substantiating a claimed customary divorce under the immigration laws of the United States. We relied on changes in the Foreign Affairs Manual, which instructed that

> the preferred documentation for the dissolution of a customary marriage is an application by the parties concerned to the appropriate Ghanaian court under the Matrimonial Causes Act of 1971(Act 367), section 41(2), for a decree of divorce, and that the affidavits attesting to a divorce under customary law provided by the heads of the respective families are of minimal reliability.

*Matter of Kumah*, *supra*, at 294.

In this case, counsel for the USCIS takes the position on appeal that *Matter of Kumah*, *supra*, was superseded by amendments to statutory Ghanaian divorce law and that the law no longer requires Ghanaians to register divorce affidavits with a court. As evidence of the new Ghanaian law, USCIS counsel submitted a letter from a Foreign Law Specialist of the Library of Congress.[1] The letter explains the following in regard to Ghanaian law:

> The Ghanaian customary marriage and divorce registration law consists of the Customary Marriage and Divorce (Registration) Law of 1985 (P.N.D.C.L.112) and the Customary Marriage and Divorce (Registration) (Amendment) Law of 1991 (P.N.D.C.L. 263).
> One important change that the 1991 amendment introduced was making registration of customary marriage and divorce, which was mandatory under the 1985 law, optional.

The Customary Marriage and Divorce Law of 1985 required Ghanaians to register customary marriages. The 1991 amendment, however, made it no

---

[1] The letter from the Library of Congress included copies of several pages from a book entitled *Family Law in Ghana*, which included an analysis highlighting the changes effectuated by the 1991 amendments. William E. Offei, *Family Law in Ghana* 35-42 (1998).

longer compulsory to register a marriage contracted under customary law. Counsel for the USCIS therefore asserts as follows:

> The 1991 amendment . . . does not require Ghanaians to register the divorce affidavits with the court in order for the divorce to be valid. The amendment allows for the heads of the families (fathers of the husband and wife) to declare the divorce final following the customary tribal divorce proceeding. The declaration must confirm the date, place, and time of the divorce, such as customary tribal. *See* UK Border & Immigration Agency § 2: General Information Section, Section 30.42 on Divorce, subsection on Ghanaian divorce (3.3.2).

In visa petition proceedings, the petitioner bears the burden of establishing eligibility for the immigration benefit sought. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966). When the petitioner relies on a foreign law to establish eligibility for the beneficiary, the application of the foreign law is a question of fact, which must be proved by the petitioner. *Matter of Fakalata*, 18 I&N Dec. 213 (BIA 1982); *Matter of Annang*, 14 I&N Dec. 502 (BIA 1973). We note that we have relied on expert opinions by foreign law specialists from the Library of Congress to establish foreign law when appropriate. *Matter of Rowe*, 23 I&N Dec. 962 (BIA 2006); *Matter of Khatoon*, 19 I&N Dec. 153 (BIA 1984); *Matter of Dhillon*, 16 I&N Dec. 373 (BIA 1977).

In this case, it is the USCIS that presents evidence of Ghanaian divorce law, which was provided by the Library of Congress. The petitioner does not dispute this evidence on appeal. To the contrary, the petitioner's arguments in the Notice of Appeal accord with the position taken by the USCIS.

Based on the arguments of the parties and the evidence presented by the USCIS, we agree that the holding in *Matter of Kumah*, *supra*, has been superseded by amendments to Ghanaian law. *Matter of Kumah* is accordingly modified to hold that affidavits executed by the heads of household, i.e., the fathers of the husband and wife, may be sufficient under Ghanaian law to establish the dissolution of a customary tribal marriage. We note, however, that in accordance with the Foreign Affairs Manual, the desirable proper documentation continues to be a court decree, both because customary divorce is more difficult to prove and because polygamous marriage is permissible under the customary law of some groups, but not under civil law.

In *Matter of DaBaase*, *supra*, we held that where a party seeks to prove the validity of a customary divorce, he or she must present evidence that establishes (1) the tribe to which he belongs, (2) the current customary divorce law of that tribe, and (3) the fact that the pertinent ceremonial procedures were followed. We also stated the following:

> To establish the current customary law of his tribe, the party may present evidence derived from reported cases, legal treaties and commentaries, and depositions of legal scholars. The evidence could also consist of advisory opinions from those

> organizations traditionally recognized by the Ghanaian Government as possessing knowledge of customary law.

*Id.* at 40-41. Moreover, the parties must prove that the divorce was properly perfected. Affidavits should be specific and include the full names and birth dates of the parties; the date of the customary marriage; the date of, and grounds for, the dissolution of the marriage; the names, birth dates of, and custody agreement for any children born of the marriage; and a description of the tribal formalities that were observed, including the names of the tribal leaders, the name of the tribe, the place, the type of divorce, and any other relevant information.

The parties submitted a statutory declaration dated October 29, 2004, from the fathers of both the beneficiary and his first wife confirming the dissolution of the marriage on January 23, 2004. USCIS counsel asks us to consider the effective date of the divorce to be the date confirmed by the fathers in their affidavit, rather than the later date of the execution of the affidavit. We agree that January 23, 2004, is the proper date of the divorce and will therefore sustain the petitioner's appeal.

Finally, the USCIS requests a remand in order to determine the validity of the fathers' affidavit and to check its authenticity. We find that a remand is appropriate and will grant the request.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded for further proceedings consistent with the foregoing opinion and for the entry of a new decision.