**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALJIT SINGH SANGA, a.k.a. Baljit Singh Sangha, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70459 <br><br> Agency No. A031-129-576 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Baljit Singh Sanga, a native and citizen of India, petitions for review of an

order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for a waiver of

inadmissibility under former section 212(c) of the Immigration and Nationality

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Act, 8 U.S.C. § 1182(c) (repealed 1996). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings and review de novo questions of law. *Abebe v. Gonzales*, 432 F.3d 1037, 1039-40 (9th Cir. 2005) (en banc). We deny in part and dismiss in part the petition for review.

The BIA did not err in failing to consider Indian law. As the BIA recognized, in denying relief the IJ relied upon the inconsistencies in Sanga's testimony regarding how his second marriage was terminated, not on whether Sanga's second marriage was actually terminated under Indian law. Moreover, the question of what Indian law provides is a question of fact that the BIA could not consider on appeal. *See Matter of Kodwo*, 24 I. & N. Dec. 479, 482 (BIA 2008).

Contrary to Sanga's contention, the BIA provided an adequate explanation for its decision. The BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and did not express disagreement with any part of the IJ's decision, and thereby adopted the IJ's decision in its entirety, including the IJ's explanation for denying Sanga relief. *See Abebe*, 432 F.3d at 1039-40.

We lack jurisdiction to review the agency's discretionary denial of relief under former section 212(c) unless the petitioner raises a "colorable" question of law or a constitutional question. *See* 8 U.S.C. § 1252(a)(2)(B)(ii), (D); *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921, 923 (9th Cir. 2007). Sanga's

09-70459

contention that substantial evidence does not support the finding that he perjured himself raises a question of fact, *Damaize-Job v. INS*, 787 F.2d 1332, 1338 (9th Cir. 1986) (credibility is a factual finding), as does Sanga's contention that the agency failed to consider the totality of the evidence in denying him relief. Accordingly, we lack jurisdiction to review these contentions. *See* 8 U.S.C. § 1252(a)(2)(B)(ii), (D); *Vargas-Hernandez*, 497 F.3d at 923.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**