NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3208
_____

ARONDA LIZA SMITH,

Appellant

v.

ERIC HOLDER, *Attorney General, United States*; JANET NAPOLITANO, *Secretary of Department of Homeland Security*; ALEJANDRO MAYORKAS, *Director of U.S. Citizenship and Immigration Services*; EVANGELIA KLAPAKIS, *Field Office Director of Philadelphia U.S. Citizenship and Immigration Services Field Office*

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 2:10-cv-05321)
District Judge:  Honorable Stewart Dalzell
_____

Submitted Under Third Circuit LAR 34.1(a)
April 19, 2012
_____

Before: VANASKIE, BARRY and CUDAHY,[*] Circuit Judges

(Opinion Filed: July 11, 2012)
_____

OPINION
_____

_____

[*] Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

CUDAHY, <u>Circuit Judge</u>

This is a case about a legally invalid marriage in the context of a visa petition proceeding. This case also poses the question whether a court may affirm agency decisions on bases different than those articulated by the agency.

Aronda Smith is a citizen of the United States. She claims to be married to James Tuah, a citizen of Ghana. Tuah first traveled to the United States on a nonimmigrant visa for a four week visit in 1999. On his visa application, he stated he was married to Mary Akua Asante, a citizen of Ghana, and that they had two children. Tuah reentered the United States in 2004 but illegally stayed after the expiration of his visa. He purportedly married Smith in 2006.

In 2008, Smith filed an I-130 petition to grant Tuah immigration benefits as her husband. Tuah concurrently filed an application to change his status from visitor to lawful permanent resident based on his marriage to Smith. Following standard procedure, U.S. Citizenship and Immigration Services (USCIS) interviewed Smith and Tuah, and issued a Notice of Intent to Deny Smith's petition because of inconsistent answers to questions about their marriage. In response, Smith submitted additional evidence of a genuine marriage, but after reviewing Tuah's immigration record, USCIS sent a second Notice of Intent to Deny. This second notice stated that Tuah had previously married Asante and requested proof that the two had officially divorced.

As evidence of his divorce, Tuah provided an affidavit from his uncle, Andrew Ampah. The affidavit, however, did not address any divorce, but rather stated Tuah and

2

Asante had never formally entered into marriage in the first place. Finding this unpersuasive, USCIS noted that Tuah had not provided evidence of divorce for his previously self-acknowledged marriage and concluded that his marriage to Smith was invalid. For this specific reason, USCIS denied Smith's petition. Smith, therefore, could not confer any immigration benefit on Tuah.

Following the USCIS finding of an invalid marriage, Smith appealed to the Board of Immigration Appeals (BIA), which affirmed the original decision without opinion. She then appealed to the district court, contending that the USCIS denial was arbitrary and capricious. The district court, which had jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 704, granted summary judgment against Smith, finding that USCIS reasonably relied on the facts that Tuah presented in his own visa application. The district court also noted that the conflicting answers given by Tuah and Smith, as well as the dearth of evidence of a three-year marriage supported "a finding of a sham marriage." The district court found USCIS used all of the above evidence in making its decision, and the outcome was not arbitrary or capricious. Smith appealed. This court has jurisdiction under 28 U.S.C. § 1291. This court reviews a motion for summary judgment de novo. *Gordon v. Lewistown Hosp.*, 423 F.3d 184, 201 (3d Cir. 2005). We will affirm.

**I.**

A court may set aside an agency's decision if that decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 41 (1983) (quoting 5 U.S.C. §

706(2)(A)). In making that determination, the court should not re-weigh the evidence presented but must determine only if "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Thus, if an agency revokes a visa petition on the basis of a rational explanation, it does not abuse its discretion. *Ghaly v. INS*, 48 F.3d 1426, 1430–31 (7th Cir. 1995). In this case, USCIS could have reasonably concluded that Smith had not met her burden of establishing a legally valid marriage.

The evidence reasonably persuaded USCIS that Smith and Tuah's marriage was invalid. Based on Tuah's own admissions, USCIS found that he was previously married to Asante. On his first nonimmigrant visa application Tuah stated that he was married to Asante, gave the date of their marriage and indicated that they had two children. He also represented that he and his wife would provide financial support for the trip.

Additionally, Tuah did not provide a record of divorce from Asante. Instead, Tuah provided an affidavit from his uncle stating that unbeknownst to Tuah at the time he filed his first visa application, Tuah was never actually married to Asante. USCIS found that the uncle's statement was not persuasive evidence of Tuah's eligibility to enter into marriage with Smith. Weighing Tuah's previous admission against his uncle's affidavit, USCIS concluded Tuah was previously married and never divorced. This determination was not an abuse of discretion.

Smith argues that *Matter of Kodwo*, 24 I. & N. Dec. 479 (BIA 2008) favors a different result, essentially contending that USCIS should have accepted the affidavit of Tuah's

uncle over Tuah's statements concerning his own marriage. This argument is unsound. In *Kodwo*, the BIA held that affidavits from the heads of household may be sufficient to establish the dissolution of a customary tribal marriage under Ghanian law. *Id.* at 482–83. But the affidavit here does not describe the dissolution of a marriage; instead, it asserts that Tuah and Asante were never married. Moreover, though *Kodwo* allows certain affidavits to serve as evidence of a customary tribal marriage, it does not guarantee a favorable ruling based on such affidavits. *See id.* at 481–83 (noting that affidavits regarding customary law are not favored and must include specific information to suffice).

## II.

The district court justified the reasonableness of USCIS's decision with the rationales USCIS provided in both the first and second Notice of Intent to Deny. The rationale behind the second notice, as explained above, was Tuah's previous and still valid marriage to Asante. The first notice questioned whether Smith and Tuah entered into the marriage for U.S. immigration purposes, and the district court relied on substantial evidence in the record to find that USCIS's denial was not arbitrary and capricious because the "evidence amply support[ed] a finding of a sham marriage." The district court's willingness to note that Smith's marriage was likely fraudulent is understandable. During their interview with USCIS, Smith and Tuah gave inconsistent answers to questions about when Tuah usually showered, the length of time they had lived at their current address and whether their bedroom had an alarm clock. Tuah and Smith were also

5

only able to provide very little documentation of their three-year marriage, and Smith's pay stubs and tax forms from 2008 list her as single. Moreover, the joint checking account and health policy that Smith offered as evidence were both created within two months of the scheduled USCIS interview. In sum, it appeared that Smith and Tuah had not entered into a bona fide marriage, and USCIS made its view to that effect clear in its first Notice of Intent to Deny.

However understandable it was to draw this conclusion, we note that the district court should not have reached the issue of fraudulent marriage. A court reviewing federal agency action under the APA is limited to the explanations of the agency in the administrative record. *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 50. In this case, USCIS's decision was premised solely on Tuah's failure to show that he had divorced Asante. While USCIS's first Notice of Intent to Deny provided evidence that Tuah and Smith had not entered into a bona fide marriage, the issue of fraudulent marriage is absent from USCIS's Notice of Denial, which is the only appealable action taken by USCIS. Since USCIS never passed on the question of fraudulent marriage, the district court exceeded its authority in determining that marriage fraud was an additional reason for denial.

Despite the district court's improper finding on the marriage fraud issue, it did not err in granting summary judgment. There was a reasonable basis for the initial USCIS decision, and under APA review that is all that is necessary to uphold such a determination. Therefore, the district court properly granted summary judgment against Smith. We AFFIRM.

6