# United States Court of Appeals
## For the First Circuit

No. 15-2563

MARISOL QUEZADA-CARABALLO,

Petitioner,

v.

LORETTA E. LYNCH,
Attorney General of the United States,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Howard, Chief Judge,
Lynch and Kayatta, Circuit Judges.

Randy Olen on brief for petitioner.
Enitan O. Otunla, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Benjamin C. Mizer, Principal Deputy Assistant Attorney General, and John W. Blakeley, Assistant Director, on brief for respondent.

October 31, 2016

**LYNCH**, **Circuit Judge**.  Marisol Quezada-Caraballo, a native and citizen of the Dominican Republic, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") denial of her application for a good-faith-marriage waiver of the joint-filing requirement for a Petition to Remove Conditions on Residence ("Form I-751 waiver"). See 8 U.S.C. § 1186a(c)(4)(B).  We deny the petition.

I.

As she admitted to the IJ, Quezada-Caraballo made a series of misrepresentations to advance her Form I-751 waiver application.  During two interviews with United States Citizenship and Immigration Services ("USCIS"), she claimed that her ex-husband, Jose Garay, lived with her in Rhode Island when, in fact, she and Garay had separated before she moved from Puerto Rico to the continental United States, and he had never lived with her in Rhode Island.  Quezada-Caraballo also admitted that she had submitted fabricated documents, including a Verizon bill purportedly issued to her and Garay, and other mail apparently sent to Garay at their joint residence in Rhode Island.  She had done so in order to make it appear as if Garay lived with her in Rhode Island.  And she admitted to submitting several misleading affidavits, including one from Garay.

The IJ denied Quezada-Caraballo's application for review of USCIS's denial of her Form I-751 waiver application and granted

Quezada-Caraballo voluntary departure. After taking into account the record evidence, including testimony by Quezada-Caraballo and two others who spoke on her behalf at the hearing, the IJ found that Quezada-Caraballo's numerous misrepresentations to USCIS undermined the credibility of her testimony.

The BIA affirmed. It found that the IJ was warranted in drawing a "falsus in uno, falsus in omnibus" (false in one thing, false in everything) inference from Quezada-Caraballo's misrepresentations. And it agreed with the IJ that, in light of Quezada-Caraballo's misrepresentations, the record evidence as a whole was insufficient to meet her burden to establish by a preponderance of the evidence that she had entered into a good-faith marriage.

## II.

Under the substantial evidence standard, we must uphold the BIA's decision unless Quezada-Caraballo can show that "the evidence not only supports [reversal], but compels it." INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992). Quezada-Caraballo contends that the record as a whole establishes that her marriage to Garay was in good faith; that the IJ and BIA erroneously focused solely on her admitted misrepresentations and failed to consider the countervailing evidence; and that the BIA's approval of the IJ's falsus in uno, falsus in omnibus inference was unreasonable under the circumstances of her case.

- 3 -

We disagree. This court has already held that "the REAL ID Act [gives an] IJ discretion to draw [a] '<u>falsus in uno, falsus in omnibus</u>'" inference. <u>Wen Feng Liu</u> v. <u>Holder</u>, 714 F.3d 56, 61 (1st Cir. 2013). The relationship between the falsehoods and the undermined claim here is stronger than it was in <u>Wen Feng Liu</u>. Quezada-Caraballo's misrepresentations about the duration and scope of her cohabitation with Garay were directly material to her claim that she had married him in good faith. Further, Quezada-Caraballo was not dishonest about just one thing -- she made and relied on repeated misrepresentations. Consequently, the IJ was permitted to discredit Quezada-Caraballo's testimony.

The BIA, like the IJ, considered the entire record. It agreed with the IJ that, in light of Quezada-Caraballo's misrepresentations, the record was insufficient to meet the burden of proof needed to establish a good-faith marriage. That conclusion is well supported by our precedent. This case is not like <u>Cho</u> v. <u>Gonzales</u>, 404 F.3d 96, 103 (1st Cir. 2005), in which we granted a petition for review and remanded to the BIA because the petitioner had submitted a jointly held health insurance policy, tax returns, bank accounts, automobile financing agreements, a credit card, and health and telephone records to corroborate her good-faith-marriage claim. Quezada-Caraballo's evidentiary showing, including the testimony of Garay's ex-wife and son, falls far short of that. <u>See</u> <u>Valdez</u> v. <u>Lynch</u>, 813 F.3d

- 4 -

407, 411–13 (1st Cir. 2016) (holding that petitioner's general testimony as to validity of his marriage and his submission of tax returns that provided little evidence of commingled assets were insufficient to demonstrate good-faith marriage).

Nothing Quezada-Caraballo argues on appeal compels us to reverse the BIA's reasonable decision.

III.

The petition is <u>denied</u>.