NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SOKHA SO LENG,

          Petitioner,

  v.

JEFFERSON B. SESSIONS III, Attorney General,

          Respondent.

No.   14-73477

Agency No. A027-304-898

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2017[**]
Pasadena, California

Before:  WARDLAW and GOULD, Circuit Judges, and PIERSOL,[***] District Judge.

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

   [***]    The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

Sokha Leng petitions for review of the Board of Immigration Appeals' ("BIA") decision finding that Leng is a Cambodian citizen by birth and denying his application for relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We grant the petition for review and remand to the BIA for further proceedings.

In immigration proceedings, "the content of foreign law is a question of fact." *Matter of A-G-G-*, 25 I. & N. Dec. 486, 505 n.19 (B.I.A. 2011). As such, it must "be proven by the party seeking to rely on it." *Matter of Soleimani*, 20 I. & N. Dec. 99, 106 (B.I.A. 1989). Because the content of foreign law is a question of fact, our review is for substantial evidence.

We hold that any reasonable adjudicator would have found the evidence offered by the government insufficient to establish the content of Cambodian citizenship law with respect to those—like Leng—born in 1981. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (setting out substantial evidence standard). Of the two citizenship laws about which the government submitted evidence, neither one clearly governs this category of persons. As the Immigration Judge found, the 1996 law contains no indication of retroactivity; it therefore does not self-evidently determine the citizenship of those born before its enactment. As for the 1954 law, documents in the record indicate

2

that Cambodia experienced at least two complete regime changes in the years between its enactment and Leng's birth. In 1975, the communist Khmer Rouge, led by Pol Pot, defeated the existing government in a violent civil war. Over the next four years, the regime dismantled Cambodian society as it had existed previously, killing approximately two million Cambodians in the process. And in 1979, Vietnam invaded Cambodia, defeated the Khmer Rouge, and controlled the country until 1989.

Given this history as indicated in the administrative record, any reasonable adjudicator would have found the 1954 statute—without further explication[1]—insufficient to demonstrate the content of Cambodian citizenship law with respect to those born in 1981, after the Khmer Rouge takeover and during the period of Vietnamese rule. We therefore grant the petition for review and remand to the BIA for further proceedings to determine Cambodian law and its application to Leng.[2] Because we remand on the citizenship issue, we express no opinion on

---

[1] We note that in previous cases, the BIA has relied on expert opinions prepared by the Library of Congress to prove the content of foreign law. *See, e.g.*, *Matter of Kodwo*, 24 I. & N. Dec. 479, 482 (B.I.A. 2008).

[2] The government asserts that the question of Leng's citizenship is essentially irrelevant, since by all accounts he is not a United States citizen. But "[i]n reviewing the decision of the BIA, we consider only the grounds relied upon by that agency"—here, that Cambodian law renders Leng a Cambodian citizen. *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004).

3

the further merits of Leng's claim for CAT relief; nor do we address whether Leng may properly be removed to Thailand or the Philippines.

**PETITION GRANTED; REMANDED.**